**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Carl Childers (#48553-424),<br><br>Plaintiff,<br><br>v.<br><br>Deputy Sheriff Goodspeed, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17 C 0174<br><br>Judge Thomas M. Durkin |

**ORDER**

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $35.40 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court is directed to electronically send a copy of this order to the Supervisor of the Inmate Trust Fund Accounts at the Metropolitan Correctional Center. However, Plaintiff's complaint is dismissed without prejudice for failure to state a claim. Plaintiff must amend his complaint in accordance with this order if he wishes to proceed with this suit. The Clerk is directed to forward Plaintiff an amended complaint form, a U.S.M.-285 form, and instructions. Plaintiff shall submit his proposed amended complaint by March 13, 2017. If Plaintiff fails to comply with this order, this case will be dismissed.

**STATEMENT**

Plaintiff Carl Childers, an inmate confined at Metropolitan Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while being transported by Defendant Goodspeed, a Kendall County Deputy Sheriff, the car in which he was being transported was hit by another driver, causing him injury. Currently before the Court are Plaintiff's application to proceed *in forma pauperis* and his complaint for initial review under 28 U.S.C. § 1915A.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $35.40 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court,

219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff alleges that on an unspecified date, while being transported by Defendant Goodspeed, the vehicle in which he was being transported was hit by another driver. (Dkt. 1, p. 4.) Plaintiff asserts that he suffered injury to his lower back, and that he is presently being treated for the injury. (*Id.*)

Initially, in order to satisfy the notice pleading requirements of FED. R. CIV. P. 8(a)(2), Plaintiff need only state his legal claim and provide "the grounds of his entitlement to relief which requires more than labels and indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). As submitted, Plaintiff has not pleaded enough fact in a short plain statement to constitute a plausible claim because he has not indicated when the events underlying the complaint occurred. Plaintiff includes no dates in his complaint, accordingly, the Court has no way to determine whether his claims are timely under Illinois' two-year statute of limitations. *See Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016) ("The statute of limitations for § 1983 claims in Illinois is two years.").

Additionally, under the facts pled, Plaintiff has failed to state a claim upon which relief can be granted. Where, as here, a law enforcement motor vehicle accident occurs in a non-emergency setting, such an accident offends the Constitution if the defendant was criminally reckless. *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996). "Criminal recklessness-which is the same as deliberate indifference-is a proxy for intent" and the test for criminal recklessness is a subjective standard. *Id*. Under the subjective standard, the plaintiff is required to "demonstrate that [the defendant] was willing to let a fatal collision occur." *Id*. Thus, in order to withstand a motion to dismiss, Plaintiff "must demonstrate that the defendant had actual knowledge of impending harm which he consciously refused to prevent. In other words, the state actor must have sufficient knowledge of the danger that one can infer he intended to inflict the resultant injury." *Id*. All Plaintiff pleads in his complaint is that the vehicle in which he was being transported by Defendant Goodspeed was his by another driver. In other words, Plaintiff has pleaded that he and the Defendant were involved in a traffic accident caused by another driver. Under the facts pleaded it seems unlikely Plaintiff can plead deliberate indifference.

While Plaintiff also names Progressive Insurance and the other driver, Matthew Harvey, any claim against them would appear to be a claim of state law negligence, not a claim of deliberate indifference. Additionally, neither Progressive Insurance, nor Defendant Hervey are state actors. A civil rights claim under 42 U.S.C. § 1983 requires: "(1) the deprivation of a right secured by the Constitution or federal law" by "(2) [] defendants . . . acting under color of state law." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 468 (7th Cir. 2016) (citing *Armato v. Grounds*, 766 F.3d 713, 719-20 (7th Cir. 2014)).

For the foregoing reasons, Plaintiff's complaint is dismissed, without prejudice. Out of an abundance of caution the Court will allow Plaintiff to submit a proposed amended complaint. Plaintiff must more clearly plead sufficient facts to state a plausible claim.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations Plaintiff wishes the Court to consider must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with the amended civil rights complaint form, a U.S.M.-285 form, and instructions along with a copy of this order. If Plaintiff fails to comply by the above referenced date, the case will be summarily dismissed in its entirety.

Date: 2/9/2017 /s/ Thomas M. Durkin